IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEMETRIC VENABLE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00417 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DIRECTOR FRANK MARDAVICH, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Demetric Venable, Pro Se Plaintiff.*

The plaintiff, Demetric Venable, a Virginia inmate proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983. Venable alleges that Virginia jail officials do not protect him from exposure to second-hand smoke, deprived him of good conduct time without due process, and are holding him in segregated confinement without cause. After review of Venable's submissions, I conclude that this action must be summarily dismissed.

Venable, a prisoner at the Danville Adult Detention Center ("DADC") makes the following brief allegations in his complaint:

> This is a smoking facility with no non-smoking pods, not giving me the option not to be exposed to second hand smoke and jeopardizing my future health.

> . . . I was found guilty of an institutional charge that took my good time without allowing me to face my accuser or present a witness I felt could have helped me beat that charge.
>
> . . . I have constantly been harassed by administration. I cannot go outside to recreation. I have been left on administrative seg for periods of time and I was told my inmate account had a hold until I received a quran.

(Compl. 2, ECF No. 1.) Venable sues DADC Director Frank Mardavich, Major Roland Witcher, and Captain Walker, seeking monetary damages.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether the complaint states a claim, a court must view the factual allegations in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* at 302 (internal quotation marks and citations omitted).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Thus, a § 1983

plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Venable's Complaint mentions the names of his defendants only in the heading of the complaint form. He does not state any facts concerning specific actions any of these defendants undertook, personally, in violation of his constitutional rights. Because Venable does not show that each defendant, through his own "individual actions [or inactions], has violated the Constitution" or caused others to violate it, he fails to state any actionable § 1983 claim against any of these defendants. *Id.* at 676; *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) (holding that supervisory liability under § 1983 requires showings that official had actual or constructive knowledge of risk of constitutional injury and was deliberately indifferent to that risk, and that there is an affirmative causal link between the injury and supervisory official's inaction). Accordingly, his § 1983 claims are subject to dismissal under § 1915A(b)(1). In any event, Venable's allegations do not state any § 1983 claim against anyone.

First, his Complaint does not provide the necessary elements of a claim of unconstitutional living conditions. The Complaint includes no facts suggesting

that exposure to second-hand smoke has caused Venable "a serious or significant physical or emotional injury"; nor has he alleged that his particular health issues, term of confinement, or housing assignments at DADC create a "substantial risk" that he will suffer "such serious harm" from second-hand smoke during his incarceration there.[1] *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks and citation omitted).

Second, Venable's complaints about his disciplinary hearing do not implicate any constitutional right. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). At such a proceeding, an inmate is entitled to call witnesses only when consistent with institutional safety and correctional goals and does not have a constitutional right to confront or cross-examine the witnesses against him. *Id.* at 566-68. Thus, the hearing officer's refusal to allow Venable to cross-examine a witness against him

---

[1] Indeed, Venable's submissions indicate that he has been assigned for some time to a non-smoking segregation unit and that the jail's housing areas are designed to minimize the passage of second-hand smoke from a smoking area into a non-smoking area.

or to obtain testimony from a requested witness does not support a federal due process claim.[2]

Finally, Venable does not prove any constitutional claim related to his term in segregated confinement. Temporary segregated confinement implicates federal due process protection only if conditions there "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Venable fails to allege facts showing that conditions in segregation at DADC posed atypical hardships so as to give rise to any federal due process claim here.

For the stated reasons, I must summarily dismiss Venable's Complaint under § 1915A(b)(1) for failure to state claims actionable under § 1983.

A separate Order will be entered herewith.

DATED: December 16, 2016

/s/ James P. Jones
United States District Judge

---

[2] Unreferenced attachments to Venable's Complaint indicate that the hearing officer found Venable guilty of interfering with an employee, based on testimony that Venable assaulted another inmate in the dining hall, disrupting the service of the meal. The hearing officer denied Venable's request for testimony from Officer Ferebee, based on Venable's failure to state the factual matter on which this witness could testify. Federal due process requirements survive an evidentiary challenge when "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 454, 456 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."). Venable's submissions clearly indicate that some evidence in the record supported the disciplinary conviction that he challenges here.